## H. H. MILLER INDUSTRIES CO. v. EMERY THOMPSON MACHINE & SUPPLY CO.

(District Court, S. D. New York. December 2, 1926.)

I. Patents ⬤═236(1)—Making a one-piece element in two pieces does not avoid infringement.

Infringement is not avoided by making an element in two pieces, rather than a single piece, where the two perform the same function as the one.

2. Patents ⬤═328—945,570, for ice cream freezer, held valid and infringed.

The Miller patent No. 945,570, for ice cream freezer, *held* valid, and claims 12 and 20 infringed.

In Equity. Suit by the H. H. Miller Industries Company against the Emery Thompson Machine & Supply Company. On motion for preliminary injunction. Granted.

Pennie, Davis, Marvin & Edmonds, of New York City (Dean S. Edmonds and R. Morton Adams, both of New York City, of counsel), for plaintiff.

Johnson, Heymann, Galston & Holstein, of New York City (Clarence G. Galston, of New York City, of counsel), for defendant.

WINSLOW, District Judge. This is a motion for a preliminary injunction, restraining the infringement by defendant of Miller patent, No. 945,570, relating to ice cream freezers. The patent will expire in January, 1927. This patent has been the subject of litigation in the Seventh circuit, in a suit brought by Miller Pasteurizing Machine Co. v. Creamery Package Mfg. Co. (C. C. A.) 6 F.(2d) 838. In that suit, claims 7, 8. 10, 11, 12, 20, and 21 were all under consideration. The patent was held valid and infringed. On this motion, only claims 12 and 20 of the patent are involved.

From the record, it appears that in the case at bar a motion was heretofore made for a preliminary injunction to restrain defendant from manufacturing two forms of ice cream freezer. These two types were discontinued, and a consent interlocutory decree entered against defendant. This motion has reference to a third type made by defendant, and now alleged to be an infringement of plaintiff's device. In view of the previous litigation, the court will be concerned only with the parts which are said to differentiate the mechanism which is the subject of this inquiry from those held to be infringements of plaintiff's structure.

Defendant says that its present ice cream freezer has no "ejecting mechanism," and therefore that it does not infringe claim 20. From the examination of these machines produced on the argument of the motion, it is apparent that the ice cream in defendant's freezer is ejected by some means from the cylinder through an outlet opening in the head. The defendant says that it is ejected by force of gravity, one end of the cylinder being slightly elevated.

The court concludes from an examination of the record, as well as from the structures themselves, that gravity plays little, if any, part in the removal of the frozen cream from defendant's freezer. The scraper mechanism and the beater mechanism, revolving at a high rate of speed, move the semifluid mass laterally, and it is ejected at the end where the opening is. An elementary knowledge of mechanics is sufficient to bring one to this conclusion. The dasher and scraper mechanisms of defendant's present freezer perform the function of ejecting the frozen material through the outlet.

[1] The difference between defendant's structure and the patented structure is not sufficient to evade the charge of infringement. Infringement is not avoided by making an element of two separate pieces, rather than a single piece, where the two separate pieces perform the same function as a single device. Line Material Co. v. Brady, etc., Co. (C. C. A.) 7 F.(2d) 48. Barber v. Otis Motor Sales Co. (C. C. A.) 240 F. 723, 728.

[2] The other alleged difference between defendant's structure and the patented device concerns the support or mounting of one end of the shaft of the dasher mechanism. In plaintiff's device, the head of the cylinder in which the outlet opening is formed is detachable, and removable from the cylinder, to permit taking out the dasher mechanism. This dasher mechanism includes a central shaft, supported on a bearing on the end adjacent to the removable head.

Defendant says that its ice cream freezer differs from that of the patent, because the bearing of defendant's mechanism for the central shaft of the dasher mechanism is differently supported; that is to say, this bearing is not on a removable head, but is on a separate piece, mounted immediately adjacent to the head; that is to say, the defendant employs two parts, a head and a bearing support, each separate from the other, in place of one part in the construction shown in plaintiff's patent, which is a head with a bearing formed therein. In the defendant's machine, the head and the bearing support are adjacent to each other, but are separate parts.

Summing it up, the defendant uses two parts where plaintiff's patent uses one; the functions of the two parts being identical with those of the one part of plaintiff's patent. It is hardly necessary to cite cases that the making of two parts of what was formerly one, or vice versa, does not of itself avoid infringement.

It is unnecessary to further analyze the contentions of the parties, which matters have been the subject of decision in this and other jurisdictions. The fact that the patent will shortly expire does not weaken plaintiff's right to be protected in his grant until it does expire.

The motion for injunction pendente lite will be granted; the bond to be given by the plaintiff to be fixed on the settlement of the decree.